

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2008

# Lim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lim v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1272.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1272

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2154

_____

CHEN THIEN LIM
and RUBIN WIJAYA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA Nos. A95-149-659 and A95-149-660)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

Before:   RENDELL, GREENBERG, and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed: May 5, 2008)

_____

OPINION OF THE COURT

_____

PER CURIAM

Petitioners Chen Thien Lim and Ruben Wijaya seek review of a final order by the

Board of Immigration Appeals ("BIA").  For the reasons that follow, we will dismiss their

petition in part and deny it in part.

## I. Background

Petitioners, a married couple, are ethnic Chinese Christian natives and citizens of Indonesia. Petitioners entered the United States in 2000 and remained unlawfully after the expiration of their non-immigrant visas. They were charged with removal in 2001 and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). After several hearings, the IJ issued an oral decision on December 15, 2005. Although he found Petitioners credible, he held that they failed to meet their burdens of proof and persuasion. He denied the applications for asylum, withholding of removal, and protection under the CAT and granted the applications for voluntary departure. Petitioners appealed to the BIA, which affirmed the IJ's decision and dismissed their appeal. This petition for review followed.

## II. Due Process

As an initial matter, Petitioners claim the IJ failed to meaningfully review their objective evidence, including two 2004 State Department reports, in violation of their due process rights. See Sewak v. INS, 900 F.2d 667, 671 (3d Cir. 1990). In response, the Government argues that Petitioners failed to exhaust administrative remedies by first seeking relief from the BIA for the alleged due process violation. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).

Whether Petitioners were required to exhaust administrative remedies depends

2

upon the nature of their claim. Generally, constitutional claims are beyond the BIA's

jurisdiction and not subject to the exhaustion requirement. Bonhometre, 414 F.3d at 448

n.7. However, there is an exception for due process claims asserting a procedural error

that could have been corrected by the BIA. Khan v. Atty. Gen'l of the United States, 448

F.3d 226, 236 (3d Cir. 2006).

Here, Petitioners claim the IJ failed to make an individualized determination of

their claims. See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). Petitioners

should have presented this argument to the BIA so the BIA could have considered

whether to remand to the IJ to remedy the alleged procedural flaw. See Bonhometre, 414

F.3d at 447-48. Because they did not, we lack jurisdiction to review this aspect of the

petition. Id. at 448.

### III. Asylum

An asylum applicant must demonstrate past persecution or a well-founded fear of

future persecution. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). This is a

factual determination, which we review under the substantial evidence standard. Gao,

299 F.3d at 272. To grant relief, "we must find that the evidence not only supports that

conclusion [that Petitioners' applications should have been granted], but compels it." INS

v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992) (emphasis in original). Where, as here,

the BIA adopted the IJ's findings and discussed some of the bases for the IJ's decision,

we review both decisions. See Chukwu v. Atty. Gen'l of the United States, 484 F.3d 185,

3

189 (3d Cir. 2007); Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).

## A. Past Persecution

First, Petitioners argue that the IJ erred in finding that they did not suffer past persecution. We have adopted a narrow definition of persecution, which "connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" Ahmad v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quoting Fatin, 12 F.3d at 1240). We do not recognize as persecution "isolated incidents that do not result in serious injury." Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005).

Petitioners testified that they experienced general incidents of discrimination and harassment throughout their childhoods. They also described a few specific individual incidents of violence, crime, and harassment, including:

- In 1991, Lim and her father were threatened and robbed by native Indonesians shouting racial insults.

- In 1998, Lim was harassed, insulted based on her race, chased, and assaulted. When attempting to run away, she fell and suffered a head injury.

- In 1998, while her family was attempting to move to a new neighborhood, native Indonesians threatened and shouted racial slurs at them and coerced Lim's family into giving them money.

- In 1997, Indonesians burned down Wijaya's aunt's antique shop.

- Because his father was a Christian pastor, Muslim neighbors threw stones and feces at Wijaya's house and defaced his father's church.

4

In addition, Petitioners testified to generalized episodes of violence against ethnic Chinese Christians in Indonesia, including rioting in 1998 and church bombings from 1994 to 2000.

A reasonable adjudicator would not be compelled to conclude that these incidents were sufficiently severe to constitute persecution. See Lie, 396 F.3d at 536. In Lie, we held that isolated criminal acts resulting in property theft and a minor injury did not qualify. Id. Similarly, Petitioners described a small number of isolated events which did not result in serious injury. Although Petitioners argue that their claims are distinguishable from Lie, we cannot say that their cumulative experiences varied sufficiently from those in Lie so as to compel an adjudicator to conclude that Petitioners suffered persecution. See Fatin, 12 F.3d at 1240.

### B. Future Persecution

Petitioners also attempted to establish a well-founded fear of future persecution. Both the IJ and BIA held that Petitioners did not succeed. Petitioners now contend that the IJ inappropriately failed to review current country conditions in Indonesia to determine whether a pattern or practice of persecution of Chinese Christians exists.

Petitioners were required to demonstrate a "pattern or practice of persecution of a group of persons similarly situated to the applicant. . . ." 8 C.F.R. § 208.16(b)(2). Petitioners proffered two 2004 State Department reports concerning the treatment of ethnic Chinese Christians in Indonesia. See A.R. 0098-139. The IJ considered the

5

reports.  See A.R. 0058.  Although he expressed concerns over the treatment of Chinese Christians in Indonesia, he held that, in light of the relevant case law – including our decision in Lie, 396 F.3d 530, and the BIA's decision in In re A-——, 23 I&N Dec. 737 (BIA 2005) – the evidence did not support a pattern or practice finding.  A.R. 0058.

We have not conclusively addressed whether a pattern or practice of persecution of ethnic Chinese Christians in Indonesia exists at the present time.  See Sukwanputra v. Gonazles, 434 F.3d 627, 637 n.10 (3d Cir. 2006).  We note that in contrast to Lie, where the applicant presented a 1999 State Department report, Petitioners presented two 2004 State Department reports.  However, the IJ could reasonably conclude that the 2004 State Department reports do not reflect a pattern or practice of persecution of ethnic Chinese Christians in Indonesia.[1]  Because the evidentiary record does not compel a contrary conclusion, see Elias-Zacarias, 502 U.S. at 481 n.1, the decision rests upon substantial evidence.[2]

---

[1] For example, the 2004 State Department Country Report on Human Rights Practices states, "[t]he Government [of Indonesia] officially promotes racial and ethnic tolerance. . . . Instances of discrimination and harassment of ethnic Chinese Indonesians declined compared with previous years."  A.R. 0122.  Similarly, while the 2004 State Department Report on International Religious Freedom discusses instances of inter-religious violence between Christians and Muslims in Indonesia, A.R. 0134-36, it also notes that "[s]ome notable advances in interreligious tolerance and cooperation occurred . . . [and] Government officials together with Muslim and Christian community leaders continued to work together to diffuse tensions in conflict areas. . . ."  A.R. 0128.

[2] Petitioners also sought withholding of removal pursuant to INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)].  The bar is higher for demonstrating eligibility for withholding of removal than for asylum.  See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003).  Because Petitioners failed to demonstrate past persecution or a well founded fear

6

## IV.  Convention Against Torture

To qualify for protection under the CAT, Petitioners were required to show by a preponderance of objective evidence that they would be tortured if removed to Indonesia. See Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002).  Petitioners point to no evidence that compels us to reverse the IJ's and BIA's finding that they failed to demonstrate eligibility for protection under the CAT.

## V.  Conclusion

For the foregoing reasons, we will deny the petition in part and dismiss it in part.

---

of future persecution for asylum purposes, it follows that they also failed meet the more rigorous standard for withholding of removal.  Id.